# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:12-cv-00354-MR
# (CRIMINAL CASE NO. 1:00-cr-00057-MR-1)

| | |
|---|---|
| ANGELA JORDAN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, filed under 28 U.S.C. § 2255 or, in the Alternative, under 28 U.S.C. § 2241, or through a Writ of Error Coram Nobis, or a Writ of Audita Querela [Doc. 1]. No response from the Government is necessary. For the reasons that follow, the Court finds that this is an unauthorized, successive petition. The Court therefore dismisses the Motion to Vacate. The Court further finds that Petitioner may not obtain relief under any of Petitioner's alternative theories.

**I.     BACKGROUND**

On August 8, 2000, Petitioner and two co-Defendants were charged in a one-count bill of indictment with conspiracy to possess with intent to distribute at least fifty (50) grams of cocaine base. [Crim. Case No. 1:00-cr-57, Doc. 1]. On November 2, 2000, Petitioner entered into a plea agreement with the Government pursuant to which she pled guilty to the bill of indictment. [Id., Doc. 34]. As part of the written plea agreement, Petitioner was advised that she faced a statutory minimum sentence of not less than twenty years imprisonment and a maximum sentence of life imprisonment, due to a prior conviction on state drug charges. [Id., Doc. 34 at 1]. The Government subsequently moved for a downward departure under U.S.S.G. § 5K1.1. [Id., Doc. 54]. On June 6, 2001, this Court sentenced Petitioner to 228 months' imprisonment, with three years supervised release. [Id., Doc. 60].

Petitioner filed her first 28 U.S.C. § 2255 petition on June 12, 2002, which this Court denied. See Civil Case No. 1:02-cv-144 (W.D.N.C.). Petitioner filed the instant Section 2255 petition on November 7, 2012. [Doc. 3]. Thus, this is the second Section 2255 petition filed by Petitioner challenging the conviction and sentence in Criminal Case No. 1:00-cr-57.

Petitioner seeks relief under the Fourth Circuit's *en banc* decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), contending that her sentence was improperly enhanced based on a prior drug conviction that no longer qualifies as a felony for sentencing enhancement purposes under 21 U.S.C. § 841.

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. After having considered the record in this matter, the Court finds that no response is necessary from the United States. Further, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

Pursuant to 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Thus, Petitioner

must first obtain an order from the United States Court of Appeals for the Fourth Circuit before this court will consider any successive petition under 28 U.S.C. § 2255. Petitioner has not shown that she has obtained the permission of the United States Court of Appeals for the Fourth Circuit to file a successive petition. See 28 U.S.C. § 2255(h) ("[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals."). Accordingly, this successive petition must be dismissed.[1] See Burton v. Stewart, 549 U.S. 147, 153, 127 S.Ct. 793, 166 L.Ed.2d 628 (2007) (holding that failure of petitioner to obtain authorization to file a "second or successive" petition deprived the district court of jurisdiction to consider the second or successive petition "in the first place.").

---

[1] District courts in the Fourth Circuit to have addressed the issue have held that petitions that raise Simmons claims are properly characterized as successive petitions. See Evans v. Warden at FMC Butner, No. 5:12-HC-2043-FL, 2012 WL 6633942, at *2 (E.D.N.C. Dec. 20, 2012) (stating that if an action raising a Simmons claim were treated as a Section 2255 petition, it would be dismissed as successive); Newman v. United States, No. 6:04-cr-01127-GRA-8, 2012 WL 6618754, at *2 (D.S.C. Dec. 19, 2012) (dismissing as an unauthorized, successive petition a Section 2255 petition raising Simmons claims); Akili v. Zych, No. 7:12-cv-456, 2012 WL 4891701, at *2 (W.D. Va. Oct. 15, 2012) (assuming that an action raising a Simmons claim would be a successive petition); Jones v. United States, Civil Action No. WDQ-12-2186, 2012 WL 3115756, at *2 (D. Md. July 25, 2012) (dismissing as an unauthorized, successive petition a Section 2255 petition raising Simmons claims).

Next, to the extent that Petitioner alternatively seeks relief under 28 U.S.C. § 2241, she is not entitled to relief. A petitioner seeking to attack her conviction or sentence must file a motion under Section 2255 unless this remedy "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). "It is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision." In re Jones, 226 F.3d 328, 333 (4th Cir. 2000). The Fourth Circuit has concluded that the remedy under Section 2255 is "in adequate or ineffective" only when:

> (1) at the time of conviction settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

Id. at 333-34.

Here, Petitioner does not challenge the legality of her conviction; rather, she challenges her sentence, which she contends was based on a prior drug conviction that she asserts is no longer properly considered in calculating a sentencing enhancement. As Petitioner is challenging her

5

sentence only, she has failed to demonstrate that pursuit of relief through Section 2255 is inadequate. Moreover, without consideration of the prior drug conviction, Petitioner was still sentenced to a term of imprisonment within the maximum statutory sentence. See United States v. Powell, 691 F.3d 554, 562 n.1 (4th Cir. 2012). In any event, a petition under Section 2241 must be filed in the district of Petitioner's confinement. See Jones, 226 F.3d at 332; 28 U.S.C. § 2241(a). For all of these reasons, the Court concludes that Petitioner is not entitled to relief under Section 2241.

Next, to the extent that Petitioner seeks alternative grounds for relief in the form of writs of coram nobis and audita querela, the Fourth Circuit recently described the writs of coram nobis and audita querela as follows:

> A writ of error coram nobis may be used to vacate a conviction where there is a fundamental error resulting in conviction, and no other means of relief is available. United States v. Morgan, 346 U.S. 502, 509-11 (1954); United States v. Akinsade, 686 F.3d 248, 252 (4th Cir. 2012). The remedy is limited, however, to those petitioners who are no longer in custody pursuant to their convictions. Carlisle v. United States, 517 U.S. 416, 428-29 (1996); Akinsade, 686 F.3d at 252.
>
> Further, a writ of audita querela is not available to a petitioner when other avenues of relief are available, such as a motion to vacate under 28 U.S.C.A. § 2255 (West Supp. 2012). Torres, 282

> F.3d at 1245; United States v. Johnson, 962 F.2d 579, 582 (7th Cir. 1992). That a petitioner may not proceed under § 2255 unless he obtains authorization from this court does not alter this conclusion. See Carrington v. United States, 503 F.3d 888, 890 (9th Cir. 2007) ("[T]he statutory limits on second or successive habeas petitions do not create a 'gap' in the post-conviction landscape that can be filled with the common law writs.").

United States v. Sessoms, No. 12-7316, 2012 WL 5520311 (4th Cir. Nov. 15, 2012). Here, Petitioner is obviously in custody pursuant to her conviction in Criminal Case No. 1:00-cr-57, and she previously challenged her conviction and sentence in a Section 2255 motion. Therefore, the writ of coram nobis is not available to Petitioner. Furthermore, Petitioner may not use the writ of audita querela to avoid the statutory rules on successive petitions. See Coleman v. United States, No. 3:07cv346-3-MU, 2007 WL 4303717, at *2 (W.D.N.C. Dec. 10, 2007) ("The fact that § 2255 relief is not unavailable to Petitioner because of the Antiterrorism and Effective Death Penalty Act's limitation of the right to file a second or successive petition, does not make § 2255 unavailable to him for purposes of being permitted to file a writ of audita querela."), aff'd, 274 Fed. App'x 340 (4th Cir. 2008).

7

## IV. CONCLUSION

For the reasons stated herein, Petitioner's Section 2255 petition is dismissed. Furthermore, Petitioner may not obtain relief under her alternative theories of relief.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller–El v. Cockrell, 537 U.S. 322, 338, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate [Doc. 3] is **DISMISSED** as a successive petition. Furthermore, to the extent Petitioner seeks to obtain relief under alternative theories, she is not entitled to relief.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: January 14, 2013

Martin Reidinger
United States District Judge